### The ALLEN GROUP, INC., Plaintiff-Appellant,

v.

### NU–STAR, INC., Defendant-Appellee.

### No. 77–1840.

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1978.

Decided April 28, 1978.

Fred S. Lockwood, Chicago, Ill., for plaintiff-appellant.

Granger Cook, Jr., Chicago, Ill., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and SPRECHER, Circuit Judges.

PER CURIAM.

After a bench trial on the sole issue of obviousness under 35 U.S.C. § 103, the district court found the roll-over vehicle washing apparatus patent in suit, Fuhring United States Patent No. 3,304,565, to be invalid for obviousness. On appeal we affirm.

In *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), the Supreme Court prescribed the criteria to be used in evaluating a patent for obviousness. The district court in this case correctly applied these criteria. The court first found that two patents not cited by the Patent Office, the Takeuchi Patent No. 3,187,359 and the Tytler Patent No. 2,983,937, were relevant prior art which "largely, if not wholly, dissipated" the presumption of validity under 35 U.S.C. § 282. *Deep Welding, Inc. v. Sciaky Bros., Inc.*, 417 F.2d 1227 (7th Cir. 1969). The court further found the Tytler linkage to be fully equivalent to the "lazy tong" linkage in Figures 8 and 9 of the Fuhring patent, and the Tytler patent to have fully disclosed "parallelogrammatic linkage" contained in the Fuhring patent.

After analyzing the scope and content of the prior art, the court concluded that each element of the asserted claims was found in the prior art; or at least, that any differences between the Tytler linkage and the Fuhring lazy tong "would be only nominal and would be apparent to and within the province of one of ordinary skill in the vehicle washing apparatus art in 1964." Upon consideration of the level of ordinary skill in the vehicle washing art in 1964, the

court found that the level was such that one of ordinary skill could have, and would have, taken the Tytler vertical brush and supporting linkage and used it in the Takeuchi roll-over installation. The court concluded that the asserted claims would have been obvious and therefore invalid under 35 U.S.C. § 103 in view of the Takeuchi and Tytler patents.

These findings are correct as a matter of law. Accordingly, we affirm the order of the district court.

Castle, Senior Circuit Judge, filed dissenting opinion.